In re estate of ORMISDA BRUGNOLI, deceased.·

[Decided June 5th, 1924.]

**Administration—Question of Marriage of Administratrix to Deceased, Also Whether She Had· a Husband Living at the Time—Validity of Marriage Sustained—Doubt of Validity of Appeal.** .

On appeal from the Middlesex orphans court. On final hearing.

*Mr. Harvey Satterthwaite,* for the appellants.

*Mr. Edward Sachar,* for the respondent.

BUCHANAN, VICE-ORDINARY.

The surrogate of Middlesex county granted letters of administration upon the estate of the above-named decedent to Elvira Brugnoli (the respondent) as his widow. From this order of the surrogate the present appellants, as the next of kin of decedent, appealed to the orphans court, and, upon affirmance by that court, brought the present appeal.

The issue was as to whether Elvira Brugnoli was the widow of decedent, and this involved two questions—(1) was she ever married to Brugnoli, and (2), if so, was her prior husband living at the time of such marriage.

The burden is, of course, upon the appellants, and after a careful consideration of the record before the orphans court, and the additional evidence submitted in this court, I find myself unable to say that error has been proven, although, unquestionably, the evidence gives rise to grave doubts and suspicions. The ceremonial marriage was testified to by another witness, Orsena Lucia (as well as the widow), and her credibility has not been impeached, and cannot, therefore, be disregarded. And notwithstanding the prior marriage, the presumption, under the circumstances, is in favor

of the validity of the second marriage. *Tyll* v. *Keller, 1 N. J. Adv. R. 817.*

It may also be said that there is at least grave doubt as to the validity of the appeal to the orphans court, which was not taken until some two months or more after the surrogate's order appealed from. The time for such appeal is limited by the statute to twenty days, and I do not see that the stipulation of the parties, that the appeal should be deemed to have been taken within time, could legally avail to validate it.

I think the costs should be paid out of the estate. There was good ground for the appeal, and the difficulty is obviously the result of decedent's own conduct.